UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIORDANO MEDIA, LLC,

        Plaintiff,

-against-

REGENCY OUTDOOR ADVERTISING, INC.,

        Defendant.

_____cv_____

**COMPLAINT**

(JURY TRIAL DEMAND)

Plaintiff Giordano Media, LLC ("Giordano"), by and through its attorneys, Beattie Padovano, LLC, as and for its Complaint against defendant Regency Outdoor Advertising, Inc. ("Regency"), alleges as follows:

## INTRODUCTION

1. Regency is in the business of owning, operating, leasing and otherwise maintaining billboards ("Billboards") used for advertising purposes.

2. Giordano is in the business of procuring advertisers and users of space on the Billboards owned, operated, leased or otherwise controlled by Regency ("Regency's Billboards") in exchange for commissions for, and reimbursement of costs and expenses incurred by Giordano in connection with, the procurement of advertisers and users of Regency's Billboards.

## PARTIES

3. Plaintiff Giordano is a limited liability company organized under the laws of the State of Delaware, which has its principal place of business at 498 West Iliff Avenue, Denver, Colorado, which is authorized to do business in the State of New York and which maintains a place of business in New York.

1

4. The only member of Giordano is United Advertising Corporation, which was incorporated under the laws of the State of New Jersey and which has its principal place of business at 498 West Iliff Avenue, Denver, Colorado.

5. Defendant Regency is a corporation organized under the laws of the State of California, which has its principal place of business at 8820 Sunset Boulevard, 2nd Floor, West Hollywood, California.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Giordano maintains a place of business and does business within this District and a substantial part of the events giving rise to the claims set forth herein occurred within this District.

8. This Court has personal jurisdiction over the defendant because Regency purposefully availed itself of economic opportunities within the State of New York generally, and this District specifically.

## BACKGROUND

9. Regency owns, operates, leases and otherwise maintains Billboards on which it publishes advertisements.

10. Regency entered into an agreement with Giordano whereby Giordano would sell, license or otherwise rent Billboard space to advertisers located in, among other places, New York in exchange for compensation.

11.     Under the terms of the agreement, among other things, Regency required that Giordano maintain an office in the State of New York where the advertisers and users of the Regency Billboard space were and are located.

12.     As a result, Giordano leased and rented space for that purpose at 250 West 50th Street, New York, New York 10019.

13.     Under the terms of the agreement, among other things, Regency agreed to pay Giordano a commission of five (5%) percent of the revenue generated by the advertising and use contracts for Regency's Billboards located at "premium" locations and eight (8%) percent of the revenue generated by the advertising and use contracts for Regency's Billboards located elsewhere.

14.     Under the terms of the agreement, Regency, among other things, agreed to reimburse Giordano for costs and expenses incurred for travel, entertainment, and other business related amounts.

15.     Giordano has procured advertising contracts for Regency's Billboards and is otherwise owed commissions for advertising contracts entered into by Regency, on Regency's behalf and to Regency's benefit for which Giordano has not been paid.

16.     Giordano has incurred costs, including, but not limited, rent paid for demised premises located at 250 West 50th Street, New York, New York 10019, for which it has not been paid.

17.     Regency has not paid Giordano for commissions earned and costs incurred.

18.     Giordano has demanded payment of all monies due and owing.

19.     Regency has refused to pay Giordano the amount due.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

20.     Giordano repeats and makes a part hereof the allegations set forth in paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.     Regency agreed to pay Giordano commissions on account of Giordano procuring advertising and use agreements and contracts for Regency Billboards and agreed to reimbursement Giordano for costs, expenses and amounts incurred in connection therewith.

22.     Giordano procured advertising and use agreements and contracts for Regency Billboards and incurred costs, expenses and amounts in connection therewith.

23.     Regency has failed and refused to pay Giordano its commissions and reimburse Giordano for the costs, expenses and other amounts that it incurred.

24.     As a result Regency has breached its agreement with Giordano.

25.     Giordano has demanded that Regency cure its breach and pay the amounts due to Giordano.

26.     Regency's failure and refusal to pay Giordano the amounts due Giordano constitutes a material breach of the agreement and, as a direct and proximate result of said breach, Giordano has suffered substantial damages, plus attorneys' fees, costs, and disbursements.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

27.     Giordano repeats and makes a part hereof the allegations set forth in paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Regency has used and has been enriched by Giordano's services in procuring advertising agreements for Regency's Billboards and by the costs, expenses and other amounts incurred by Giordano under the Agreement with Regency.

29. Regency has not compensated Giordano for its services in procuring advertising agreements for Regency's Billboards.

30. Accordingly, Regency has been unjustly enriched by Giordano's services, at Giordano's expense, and accordingly, it is against equity and good conscience to permit Regency to retain such enrichment.

31. Regency's refusal to pay Giordano for services rendered has caused Giordano to suffer substantial damages in an amount to be determined at trial that exceeds the jurisdictional threshold of this Court, plus attorneys' fees, costs, and disbursements.

## THIRD CAUSE OF ACTION
### (*Quantum Meruit*)

32. Giordano repeats and makes a part hereof the allegations set forth in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Giordano provided certain services in connection with the procurement of advertising contracts on Regency's behalf.

34. Regency accepted those services freely.

35. Giordano reasonably expected to receive compensation from Regency for those services.

36. The reasonable value of those services is an amount that will be proven at trial.

37. Although Giordano has demand full payment, Regency has failed and refused to pay such sum and the amount remains unpaid.

38. Giordano has been damaged by Regency's nonpayment of the amounts due Giordano.

## FOURTH CAUSE OF ACTION
### (Account Stated)

39. Giordano repeats and makes a part hereof the allegations set forth in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Giordano has provided certain services in connection with the procurement of advertising contracts on Regency's behalf.

41. Giordano has tendered invoices for the commission accrued and costs incurred in connection with the services rendered.

42. Giordano has rendered to Regency a true statement of account showing the charges therefor and credits for payments made by Regency and further showing the remaining balance due and owing by the Regency to Giordano.

43. Regency has retained the statements of account provided by Giordano without objection thereto.

44. There remains a balance unpaid on account of Regency's aforesaid failure to pay for Giordano's services rendered.

45. By reason of the foregoing, Giordano has been damaged, together with such additional finance charges as shall accrue thereon to the date of payment.

**WHEREFORE**, Plaintiff, Giordano Media, LLC, demands judgment against Defendant, Regency Outdoor Advertising, Inc., as follows:

   A.   In an amount of all damages Giordano has sustained including, but not limited to, incidental damages, consequential damages, restitution, and exemplary damages;

  B. The payment of attorneys' fees, costs, and disbursements; and

  C. Granting such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues for which Plaintiff is entitled to such a jury trial.

Respectfully submitted,

*Giordano Media, LLC*

Dated: July 25, 2018    */s/ Martin R. Kafafian*
               Martin R. Kafafian, Esq. (MK1982)
               BEATTIE PADOVANO, LLC
               50 Chestnut Ridge Road, Suite 208
               Montvale, New Jersey 07645
               Tel: (201) 573-1810
               Fax: (201) 573-9736
               mrk@beattielaw.com
               *Attorneys for Plaintiff,*
               *Giordano Media, LLC*